## NEW YORK BANK-NOTE CO. v. McKEIGE.

(Supreme Court, Appellate Division, First Department. June 28, 1898.)

LIABILITY OF AGENT—UNAUTHORIZED CONTRACT.

In an action by a bank-note company to recover from an individual the amount expended by it in engraving and printing bonds under a contract made by him while assuming to act on behalf of a certain corporation, upon the ground of false representations made by him, that he had authority to act for the corporation, it appeared that the bonds in question were to be issued by the corporation to third parties, who were to pay the expense of procuring them, and that at a meeting of the board of directors of the corporation the president, in the presence of the board, directed the defendant to order the work done. There was evidence that would warrant a finding that the defendant knew that the work was to be ordered, not for the corporation, but for the third parties. The court told the jury that, if the defendant understood that the work was to be done for the corporation, he was authorized to bind it, and the plaintiff could not recover, but that if he understood that he was to order it upon the credit of the third parties only, and he represented that he was authorized to order it for the corporation, the plaintiff was entitled to recover upon a breach of warranty of authority. *Held*, that the charge was correct, and that the evidence was sufficient to warrant a finding in favor of the plaintiff.

Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by the New York Bank-Note Company against Ferdinand McKeige. From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Gratz Nathan, for appellant.
Edward P. Lyon, for respondent.

RUMSEY, J. The complaint alleged that on the 24th of September, 1889, the defendant, claiming to be an officer of the Equity Gaslight Company of Brooklyn, and representing himself to have authority to enter into contracts for that company, ordered from the plaintiff's predecessor and assignee certain bonds, to be engraved

and printed; that the plaintiff furnished work and material in the performance of that contract of the value of $754.18, when it was notified to stop work on the contract; and that the defendant had in fact no authority from the Equity Gaslight Company to enter into the contract as he represented. The plaintiff therefore sought to recover, as damages for the false representation of the defendant made to it, the amount which it had expended upon the contract before it was notified to stop work upon it. The case has been once tried, and a judgment for the plaintiff reversed, but upon grounds which do not at all affect the merits of this case. 45 N. Y. Supp. 197. Upon the former trial, proof was given by the plaintiff, which, it was claimed, proved that he was estopped from asserting that he had authority to make this contract in behalf of the Equity Gaslight Company, because it was claimed that, in an action brought against that company by the plaintiff, the defendant had testified that he had no authority to enter into the contract, and thereby had induced the plaintiff to discontinue its action against the Equity Gaslight Company. The case was submitted to the jury, upon the former trial, upon the question of estoppel; but it was held upon appeal that the evidence did not warrant the submission of that question, and for that reason the judgment was reversed. Upon this trial, evidence was given bearing upon that question; but the court held that there was not sufficient evidence upon that point to go to the jury, and for that reason the question of estoppel is not in the case. It was not claimed by the defendant that any resolution of the board of directors of the Equity Gaslight Company was ever passed, authorizing or requiring this work to be done. He based his claim that he had authority upon the fact that, at a meeting of the board of directors, it was concluded that this printing and engraving should be done, and that the president of the company, in presence of the other members of the board, and with their implied assent, directed the defendant (being the treasurer) to order the work done. The work in question was the engraving of certain bonds which were to be issued by the Equity Gaslight Company to some Philadelphia people, who had agreed to build the gasworks, and lay pipe for the Equity Gaslight Company, and to take their pay in stock and bonds. It appeared that the Philadelphia contractors to whom these bonds were to be delivered were to pay all the expenses of procuring the bonds to be prepared and issued. It appeared from the testimony of the defendant that he had been acting to some extent for the Philadelphia people, and ordering work to be done, for which he understood they were to pay. It was claimed by the plaintiff that, when the president directed the defendant to procure these bonds to be printed, it was understood by the president and by the directors of the company who were present, and also by the defendant, that this work was not to be ordered for the Equity Gaslight Company, but for the Philadelphia contractors, for whom the defendant at certain times had been acting. There was evidence which warranted the jury in finding this fact, not only because it was testified to positively by one of the directors who was present, but because it was fairly to be inferred from the general trend of

the testimony, stating how the business was done. The court told the jury that if the president of the company, who, by the constitution and by-laws, had the power to make contracts, ordered the defendant to procure this work to be done, and the defendant understood that it was to be done on the credit of the Equity Gaslight Company, he was authorized to bind the company, and the plaintiff could not recover; but if, when the defendant received these instructions from the president, he understood that he was to order the work upon the credit of the Philadelphia contractors, and not upon the credit of the Equity Gaslight Company, and he represented to the plaintiff that he had authority to order this work for the Equity Gaslight Company, the plaintiff was entitled to recover, by reason of the false representation, which constituted a breach of warranty of his authority. In this charge we think the court was correct, and the jury would have been justified, from the evidence, in finding that the defendant, when he ordered this engraving, understood that it was to be done upon the credit of the Philadelphia contractors, and to be paid for by them, and not by the Equity Gaslight Company.

We have examined the various exceptions taken in the case, and presented by the appellant, and none of them is, in our judgment, well taken. The result of our examination is that the judgment and order are correct, and should be affirmed, with costs. All concur, except INGRAHAM, J., dissenting.